**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN MCNAMARA and TONY GUGLIOTTA, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | No. |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Tony Gugliotta ("Gugliotta") and John McNamara ("McNamara") (collectively, "Plaintiffs") bring this action against Defendant Samsung Telecommunications America, LLC ("Samsung" or "Defendant"), on behalf of themselves and all others similarly situated, and complain and allege as follows upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## I.    NATURE OF THE ACTION

1.     Samsung is an international electronics manufacturer with a wide range of products including home appliances, televisions, computers, and mobile devices. One of Samsung's most popular products is the Galaxy S4 smartphone (the "Galaxy"), which Samsung believes to be the "leader in next-generation mobile devices."[1]

---

[1] Samsung, http://www.samsung.com/us/guide-to-galaxy-smart-devices/galaxy-s-4-smartphone.html?cid=ppc- (last visited Feb. 19, 2014).

2.     Despite these lofty proclamations, the Galaxy's battery has failed to live up to consumer and industry standards. In its product specifications, Samsung claims that on a single charge, the Galaxy is capable of: (i) 17 hours of continuous talk time; (ii) 8 hours of continuous data usage (on either a 3G or 4G network); (iii) 10 hours of continuous Wi-Fi connectivity; (iv) 69 hours of continuous music play; and (v) 11 hours of continuous video play.

3.     These statistics, however, were obtained under laboratory conditions manipulated to measure the Galaxy's potential battery life for each individual function in isolation, with all other nonessential functions disabled. These testing conditions bear no resemblance to the *actual* conditions under which a consumer might plausibly use the device, which Samsung designed and marketed as an all-in-one "life companion" capable of performing multiple functions simultaneously.[2] Thus, the Galaxy's product specifications contain misrepresentations and material omissions regarding the actual battery life a consumer can expect when the device is operated as designed.

4.     Samsung markets – and consumers expect – the Galaxy to perform a variety of functions simultaneously, making the results obtained through Samsung's testing methodology impossible for consumers to replicate without resorting to unrealistic and impractical measures that would render the device effectively useless under ordinary, real-world conditions.

5.     Accordingly, as a result of Samsung's conduct, Plaintiffs seek relief on behalf of themselves and all others similarly situated (the "Class," as defined below), for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

---

[2] *See* Samsung, http://www.samsung.com/global/microsite/galaxys4/relationship.html# (last visited Feb. 19, 2014) (marketing the Galaxy S4's various features, including file sharing, screen mirroring, and locations services, all of which require internet or data functionality).

## II.   JURISDICTION AND VENUE

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Plaintiffs and Defendant are citizens of different states, and in the aggregate, Plaintiffs' the Class members' claims exceed $5,000,000 exclusive of interest and costs.

7.      Venue is proper in this district pursuant to 28 U.S. C. § 1391(b)(1), (2) and 1391(c) as: Samsung is deemed to reside in this judicial district because it is subject to personal jurisdiction here; a substantial part of the events and/or omissions giving rise to the claims emanated from activities within this jurisdiction; and Samsung conducts substantial business in this jurisdiction.

## III.   PARTIES

*Plaintiffs*

8.      Plaintiff Tony Gugliotta is an individual and citizen of the State of Illinois. In approximately September 2013, Plaintiff purchased a Samsung Galaxy S4 from AT&T, an authorized third-party retailer for Samsung. Plaintiff viewed and relied on Samsung's product specifications for the Galaxy prior to purchasing the device from AT&T.

9.      Plaintiff John McNamara is an individual and a citizen of the State of Illinois. In approximately July 2013, Plaintiff McNamara purchased a Samsung Galaxy S4 from T-Mobile, an authorized third-party retailer for Samsung. Plaintiff viewed and relied on Samsung's product specifications for the Galaxy prior to purchasing the device from T-Mobile.

10.     To date, Plaintiffs have never achieved the battery life that Samsung's product specifications claim possible.

*Defendant*

11.     Samsung Telecommunications America, LLC is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081. On information and belief, Samsung is a subsidiary of Samsung Electronics Co., Ltd. that markets, sells, or offers for sale personal communications devices in the United States.

## IV.   FACTUAL BACKGROUND

12.     In today's marketplace, consumers expect their cellular phones to do more than simply make telephone calls. Millions of people rely on "smartphones" for email, internet access, GPS, and entertainment. Since most, if not all, of these features are available through other devices such as computers and MP3 players, the smartphone's appeal is derived primarily from its convenience and mobility.[3]

13.     The mobility of a smartphone, in turn, necessarily depends on the strength of its battery, and consumers have become increasingly conscious of battery life as a criterion by which to assess a particular model against its competitors. As such, the manufacturer's assertions as to the model's battery life weigh heavily on the consumer's decision to purchase, or not purchase that device.

14.     Consequently, manufacturers have developed new methodologies for measuring and reporting the potential battery life of their mobile devices to consumers, many of which offer no reasonable guidance as to how the battery will actually perform in the real world.[4]

---

[3] Antony Leather, *Why Battery Life Should Be the New Smartphone Battleground*, Forbes (Dec. 13, 2013), http://www.forbes.com/sites/antonyleather/2013/12/13/why-battery-life-should-be-the-new-smartphone-battleground/

[4] Eric Lai, *Laptop Battery Life Benchmarks Are Out of Juice*, PCWorld (July 23, 2009) http://www.pcworld.com/article/168907/laptop_battery_life.html (Last visited, February 19, 2014) (describing BAPCo's MobileMark benchmark test, used to evaluate the battery life of laptop computers under unrealistic and deceptive conditions).

*Samsung's Deceptive and Unfair Practices*

15.      Samsung claims the Galaxy to be capable of: (i) 17 hours of continuous talk time; (ii) 8 hours of continuous data usage (on either a 3G or 4G network); (iii) 10 hours of continuous Wi-Fi connectivity; (iv) 69 hours of continuous music play; and (v) 11 hours of continuous video play. The following depicts the Galaxy's product specifications as represented on Samsung's website:

| Battery* | |
|---|---|
| Battery, Standby | 3G: Up to 350 Hours; 4G: Up to 300 Hours* |
| Battery, Talk Time | Up to 17 Hours* |
| Battery Type and Size | 3.8 Volt, Lithium Ion, 2600 mAh |
| Music Play Time | Up to 69 Hours* |
| Video Play Time | Up to 11 Hours* |
| Internet Use Time | 3G: Up to 8 Hours; 4G: Up to 8 Hours; Wi-Fi: Up to 10 Hours* |

16.      The battery statistics asserted in the product specifications, however, were obtained under testing conditions manipulated to measure the Galaxy's potential battery life for the performance of a single function in isolation, with all other nonessential functions disabled.

17.      By isolating battery life measurements to the performance of a single function, Samsung distorts the Galaxy's actual battery life, offering statistics without any practical value to the consumer. Since consumers expect smartphones to perform a variety of functions simultaneously, a representation of the battery's endurance as measured by the performance of each individual feature grossly overstates the actual capabilities of the device, as consumers cannot possibly replicate laboratory conditions in the real world.

18.      Samsung then relays these misrepresentative statistics to third-party retailers, such as AT&T and T-Mobile, with knowledge and intent that they will present this information to

consumers as a representation of the Galaxy's actual battery life under ordinary, real-world conditions.

19.     Samsung knows or has reason to know that the Galaxy's battery life, as represented in the product specifications it provides to consumers and third-party retailers, would be impossible to achieve outside of unrealistic, controlled laboratory conditions requiring the consumer to, among other things: (i) disable WiFi or data connectivity; (ii) close down any nonessential applications; (iii) adjust the screen's brightness to the lowest possible setting; and (iv) power down the phone's processor to the lowest possible setting. For the consumer to operate the Galaxy in such a manner – or any smartphone for that matter – is utterly absurd, and to represent the Galaxy's battery life according such conditions is deceptive, misleading, and fraudulent.

20.     To operate the Galaxy under such conditions would run contrary to the purposes and functionality for which Samsung marketed the device to the general public – convenience and mobility. Moreover, the deceptive nature of the Samsung's testing methodology is bolstered by its own advertisements, which promote the Galaxy as a "life companion," offering various features designed to simplify the consumer's life – many of which actually *require* simultaneous functionality.[5] Samsung markets many of these features, such as "Video Call," "Screen Mirroring," and "Share Document," as breakthrough technologies that separate the Galaxy from its competition.[6]

21.     Nowhere in its advertising or product specifications, however, does Samsung acknowledge that the battery life represented in the Galaxy's product specifications is impossible

---

[5] Samsung, http://www.samsung.com/global/microsite/galaxys4/relationship.html# (last visited Feb. 19, 2014).

[6] *Id.*

to achieve outside of laboratory conditions that, if employed by the consumer, would render the device effectively useless to carry out the purposes for which it was designed and marketed.[7]

22.     Having received thousands of consumer complaints related to the Galaxy's battery life,[8] Samsung has full knowledge of the deceptive and misleading nature of its product specifications and advertising materials, but has yet done nothing to compensate its customers for financial losses related to these misrepresentations, or discontinue the use of these deceptive and misleading misrepresentations in its dealings with customers or through third-party retailers.

23.     Accordingly, Samsung's misrepresentations and/or material omissions are deceptive, misleading, and fraudulent, causing consumers to purchase the Samsung Galaxy S4 over other models, and pay more for the Galaxy than they would have but for Samsung's misrepresentations and material omissions.

## V.    CLASS ALLEGATIONS

24.     Plaintiffs bring this action on behalf of themselves and all other similarly situated Class members pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class against Defendant Samsung for violations of Illinois state laws and similar laws in other states:

---

[7]While Samsung does offer a disclaimer regarding its battery life statistics, the wording only warns customers that "[r]esults are based on lab environment testing. Refer to your network carrier's website for network specific talk times. Battery power consumption depends on factors such as network configuration, signal strength, operating temperature, features selected, vibrate mode, backlight settings, browser use, and data and other application usage patterns." Samsung, http://www.samsung.com/us/mobile/cell-phones/sgh-i3337zraatt-specs (last visited Feb. 19, 2014). This disclaimer, however, merely discloses the potential for some variance in battery life between users and networks. It does not disclose that the battery life depicted in the specifications is unobtainable during normal usage.

[8] *See* Harold Hisona, *Troubleshooting Four Major Battery-Related Issues with Samsung Galaxy S4*, The Droid Guy (Dec. 27, 2013 4:18 PM), http://thedroidguy.com/2013/12/troubleshooting-four-major-battery-related-issues-samsung-galaxy-s4/.

**Multi-State Class Action**

> All persons who, within the applicable statute of limitations under
> their respective state's consumer fraud act,[9] purchased a Samsung
> Galaxy S4 from either Samsung or a third-party retailer.

Excluded from the Class are Samsung's subsidiaries and affiliates; all persons who make a

timely election to be excluded from the Class; governmental entities; and the judge to whom this

case is assigned and any immediate family members thereof.

25.     In the alternative, Plaintiffs bring this action on behalf of themselves and all other

similarly situated Illinois residents pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal

Rules of Civil Procedure and seek certification of the following Class:

**Illinois Class Action**

> All Illinois residents who, within the applicable statute of
> limitations, purchased a Samsung Galaxy S4 from either Samsung
> or a third-party retailer.

26.     Certification of Plaintiffs' claims for classwide treatment is appropriate because

Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

---

[9] While discovery may alter the following, Plaintiffs preliminarily aver that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Arkansas (Ark. Code § 4-88-101, *et seq.*); California (Cal. Bus. & Prof. Code § 17200, *et seq.* and Cal. Civil Code § 1750, *et seq.*); Colorado (Colo. Rev. Stat. § 6-1-101, *et seq.*); Connecticut (Conn. Gen. Stat. § 42-110, *et seq.*); Delaware (Del. Code tit. 6, § 2511, *et seq.*); District of Columbia (D.C. Code§ 28-3901, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*); Idaho (Idaho Code § 48-601, *et seq.*); Illinois (815 ICLS § 505/1, *et seq.*); Maine (Me. Rev. Stat. tit. 5 § 205-A, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*); Montana (Mo. Code. § 30-14-101, *et seq.*); Nebraska (Neb. Rev. Stat. § 59-1601, *et seq.*); Nevada (Nev. Rev. Stat. § 598.0915, *et seq.*); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New Mexico (N.M. Stat. § 57-12-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349, *et seq.*); North Dakota (N.D. Cent. Code § 51-15-01, *et seq.*); Oklahoma (Okla. Stat. tit. 15 § 751, *et seq.*); Oregon (Or. Rev. Stat. § 646.605, *et seq.*); Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq.*); South Dakota (S.D. Code Laws § 37-24-1, *et seq.*); Virginia (VA Code § 59.1-196, *et seq.*); Vermont (Vt. Stat. tit. 9, § 2451, *et seq.*); Washington (Wash. Rev. Code § 19.86.010, *et seq.*); West Virginia (W. Va. Code § 46A-6-101, *et seq.*); and Wisconsin (Wis. Stat. § 100.18, *et seq.*).

27.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiffs, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

28.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.   Whether Defendant's representations as discussed herein regarding the Galaxy were or are misleading, or likely to deceive;

b.   Whether Plaintiffs and the Class members were deceived by Defendant's misrepresentations;

c.   Whether Defendant's conduct constitutes violations of the laws asserted herein;

d.   Whether Plaintiffs and the Class members have been injured and the proper measure of their losses as a result of those injuries;

e.   Whether Plaintiffs and the Class members are entitled to an award of compensatory/actual damages; and

f.   Whether Plaintiffs and the Class members are entitled to injunctive or declaratory relief.

g.   **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above and were subject to Samsung's deceptive and misleading conduct.

29.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

30.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Samsung has acted or refused to act on grounds generally applicable to Plaintiffs and the Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

31.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Samsung, so it would be impracticable for Class members to individually seek redress for Samsung's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and

the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.  CLAIMS ALLEGED

### COUNT I
### Violation of the Illinois Consumer Fraud & Deceptive Business Practices Act
### (On Behalf of the Class)

32.      Plaintiffs adopt and incorporate by reference paragraphs 1-31 as if fully set forth herein.

33.      Plaintiffs bring this count individually and on behalf of the other members of the Class.

34.      The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 prohibits unfair or deceptive acts or practices in connection with any trade or commerce, including, among other things, "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact,…whether any person has in fact been misled, deceived, or damaged thereby." The Act also prohibits suppliers from representing that their goods are of a particular quality or grade that they are not.

35.      Samsung's misrepresentations and material omissions constitute deceptive and unfair practices under the Act.

36.      Samsung intended for Plaintiffs and the Class to rely on these deceptive and unfair practices when Plaintiffs and the Class purchased the Galaxy S4 from Samsung, or one of its authorized third-party retailers.

37. Plaintiffs and the Class have suffered injuries in fact and actual damages, including financial losses resulting from overpayment for the Galaxy S4 due to Samsung's violation of 815 ILCS 505/2.

38. These deceptive or unfair practices took place in the course of trade and commerce when Plaintiffs and the Class purchased the Galaxy S4 from Samsung, or one of its authorized third-party retailers.

39. Plaintiffs' and the Class members' injuries were proximately caused by Samsung's unfair and deceptive behavior, which was conducted with reckless indifference toward the rights of others, such that an award of punitive damages is appropriate.

## COUNT II
### Violation of the Magnuson-Moss Warranty Act
### (On behalf of the Class)

40. Plaintiffs adopt and incorporate by reference paragraphs 1-31 above as if fully set forth herein.

41. Plaintiffs bring this cause of action individually and on behalf of the members of the Class against Samsung.

42. Samsung's Galaxy S4 is a consumer product as defined in 15 U.S.C. § 2301(1).

43. Plaintiffs and the Class members are consumers as defined in 15 U.S.C. § 2301(3).

44. Samsung is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

45. In connection with the sale of the Galaxy, Samsung issued written warranties as defined in 15 U.S.C. § 2301(6), by making the express representations and warranties described herein.

46.     The Galaxy does not conform to the express warranties as to the Galaxy's battery life because each of the express warranties is false, misleading, and unsubstantiated, and there is no competent reliable evidence supporting any of those statements.

47.     By reason of Samsung's breach of warranties, Samsung violated the statutory rights due to Plaintiffs and the Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiffs and the Class members.

48.     Plaintiffs and the Class members were injured as a direct and proximate result of Samsung's breach because they would not have purchased the Galaxy if the true facts had been known.

## VII. <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all claims in this Complaint so triable.

## VIII.   <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully request the following relief:

(a)     that the Court determine that this action may be maintained as a class action, and certify Plaintiffs as representatives of the Class;

(b)     that Samsung's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection and deceptive trade practice statutes asserted;

(c)     that Samsung's wrongful conduct alleged herein be adjudged and decreed to violate express warranties to Plaintiffs and each of the other members of the Class;

(d)     that Samsung be enjoined from engaging in the wrongful conduct alleged herein;

(e)     that Plaintiffs and the Class be awarded damages and, where applicable, treble, multiple, disgorgement, or other damages – with interest – according to applicable common law and the laws of Illinois;

(f)     that Plaintiffs and each of the other members of the Class recover their costs in bringing this suit, including reasonable attorneys' fees and expenses as provided by law; and

(g)     that Plaintiffs and each of the other members of the Class be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.


Dated: March 10, 2014                    Respectfully submitted,

                                         JOHN MCNAMARA and TONY
                                         GUGLIOTTA, individually and on behalf of
                                         all others similarly situated


                                         By:_____
                                            One of the Attorneys for Plaintiffs
                                            and the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Melanie K. Nelson
*mnelson@siprut.com*
Matthew D. Savin
*msavin@siprut.com*
SIPRUT PC
17 N. State Street
Suite 1600
Chicago, Illinois  60602
312.236.0000
Fax: 312.300.4809