IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

| | |
|---|---|
| JOHN McNAMARA, TONY GUGLIOTTA, MELISSA NELSON, and RUDY WOODWARD, Individually and on Behalf of All Others Similarly Situated, | Case No. 14 C 1676 |
| Plaintiffs, | Hon. Harry D. Leinenweber |
| v. | |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC and SAMSUNG ELECTRONICS COMPANY, LTD., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The Plaintiffs are all purchasers of Samsung Galaxy S4 smartphones. They contend that the Galaxy's battery failed to live up to consumer and industry standards and the product specifications. The specific complaint is that the capability of continuous usage was far short of what Samsung claimed in the specifications. Plaintiffs seek to represent various classes of consumers. They bring claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* alleging breach of express warranty and breach of implied warranty.

Each Plaintiff purchased his smartphone through a different provider: McNamara through T-Mobile, Gugliotta through AT&T, Nelson through Cricket, and Woodward through Verizon. Samsung has moved to compel arbitration on an individual, non-class basis because of arbitration agreements contained in the Standard Limited Warranty which was located in the respective manuals provided in the packaging.

The arbitration agreement reads as follows:

> ALL DISPUTES WITH SAMSUNG ARISING IN ANY WAY FROM THIS LIMITED WARRANTY OR THE SALE, CONDITION, OR PERFORMANCE OF THE PRODUCTS SHALL BE RESOLVED EXCLUSIVELY THROUGH FINAL AND BINDING ARBITRATION, AND NOT BY A COURT OR JURY.

It also provides that any dispute "shall not under any circumstances proceed as part of a class action." In addition it states in bold lettering the following opt out language:

> You may opt out of this dispute resolution procedure by providing notice to SAMSUNG no later than 30 calender days from the date of the first consumer purchaser's purchase of the Product. To opt out, you must send notice by e-mail to *optout@sta.samsung.com,* with the subject line: Arbitration Opt Out. . . . Alternatively, you may opt out by calling 1-888-987-4357 no later than 30 calender days from the date of the fist consumer purchaser's purchase of the Product and providing the same information. These are the only two forms of notice that will be effective to opt out of this dispute resolution procedure. Opting out of this dispute resolution procedure will not affect the coverage of the Limited Warranty in any way, and you will continue to enjoy the benefits of the Limited Warranty.

It also provides that Texas law applies to the alleged agreement. The Standard Limited Warranty is also available on line as a free standing document and within the "User Manual" for each carrier's phone.

The Plaintiffs contend that this arbitration provision was never agreed to and is invalid. They assert that the warranty guide did not notify Plaintiffs of what conduct constituted acceptance, did not afford a meaningful opportunity to reject the terms, and was unconscionable. They further contend that merely offering an opt out for the dispute resolution procedure rather than the right to return the product and reject all of the terms of the Standard Limited Warranty was insufficient. They, however, do not deny that the received copies of the Standard Limited Warranty containing the arbitration provision at the time of purchase of the smartphones. Their argument is that it was buried in the Warranty booklet and was not specifically listed on the table of contents. Plaintiffs contend that Illinois law applies but have not suggested that there is any difference between Illinois law and Texas law nor do Defendants. Both sides cite Illinois law thought out their briefings.

## II. DISCUSSION

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA") "requires a District Court to stay litigation upon the application of one of the parties if any issue involved in the suit is

referable to arbitration." *ChampionsWorld, LLC v. U.S. Soccer Federation, Inc.,* 487 F.Supp.2d 980, 985 (N.D. Ill. 2007). The FAA further provides that a written arbitration provision "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA was designed to promote arbitration. *AT&T Mobility LLC v. Concepcion,* 131 S.Ct. 1740, 1745 (2011). In the so-called "shrink wrap" cases, the Seventh Circuit as held that a party can manifest agreement to an arbitration clause even where the party does not become aware of the terms and conditions of such an agreement until after the purchase. *Hill v. Gateway 2000, Inc.,* 105 F.3d 1147, 1148 (7th Cir. 1997). In *Hill,* the plaintiff ordered a computer which came in a box that contained a list of terms that govern unless the customer returned the computer within 30 days. Among the terms was an arbitration clause. The trial judge, at the request of plaintiff, refused to enforce the arbitration provision based on what the judge concluded was inadequate notice. The Seventh Circuit reversed holding that such provisions contained within the packaging were valid under the law of contracts provided there is an ability to reject.

Plaintiffs argue that unlike *Hill* and its predecessor, *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447 (7th Cir. 1996) they were not warned about the legal consequences of the arbitration provision and were not given a meaningful opportunity to reject. However, a

- 4 -

review of the Samsung Health and Safety Warranty Guide shows that it does provide a meaningful opportunity to reject the arbitration provision.

First, with regard to the arbitration provision, the consumer is advised that he has 30 calender days after purchase to reject the arbitration provision. The End User License Agreement further provides that the purchaser upon use agrees to the license provisions but if the purchaser felt the End User License Agreement to be onerous could return the product for a refund or credit. But as far as the arbitration provision is concerned there is no reason to reject the product just on the basis of loss of access to the courts because by taking a relatively simple act one can be excluded from the arbitration requirement.

Plaintiffs dispute its location in the warranty section but that is precisely where it belongs as least as far as Plaintiffs are concerned. What they are seeking to do is prove a breach of the warranty. Moreover, the location of the arbitration provision in a large document is reasonable. We are dealing with so-called "smart phones" which by their nature are extremely complicated and provide for a multitude of activities. Because of these qualities, a purchaser would be expected to review the product user guide in order to get as much out of the product as he can. The Court therefore finds that the contract between Plaintiffs and Samsung provided reasonable notice of the arbitration clause.

Plaintiffs next argue that the arbitration provision is unconscionable under Illinois law. The argument here is that it is difficult to find and therefore was concealed from them. As the Court said in *Hill,* a contract need not be read to be enforced, people who do not read a contract run the risk that the unread terms may in retrospect prove unwelcome. Furthermore, the Supreme Court has held that arbitration agreements must be enforced "save upon such grounds as exist at law or in equity for the revocation of any contract." *Doctor's Associates, Inc. v. Casarotto,* 116 S.Ct. 1652. In other words, a state may not place restrictions on arbitration provisions that are not applicable to other contracts. Moreover, the provision in question is neither procedurally nor substantively unconscionable. There are no penalties associated with opting out and opting out does not affect the warranty coverage. The provision also provides limitation on fees and allows the arbitrator to assess attorneys' fees on small claims. *See, Carbajal v. H & R Block Tax Services, Inc.,* 372 F.3d 903, (9th Cir. 2004) ("The cry of 'unconscionable!' just repackages the tired assertion that arbitration should be disparaged as second-class adjudication.").

Plaintiffs' final argument is that the arbitration provision is inconsistent with AAA rules and for this further reason is unconscionable. Plaintiffs, however, do not cite any case that holds that failure to abide by the AAA rules renders a provision

unconscionable. However, a reading of Principle 11 of AAA's Consumer Due Process Protocol shows that the subject arbitration provision is not inconsistent with the Protocol. Since the subject arbitration provision is mandatory the only applicable provision is the one on notice which the Court has held was adequate.

### III.  CONCLUSION

For the reasons stated herein, Defendants' Motion to Compel Arbitration is granted. The proceedings in this matter are stayed pending outcome of Plaintiffs' arbitrations.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Harry D. Leinenweber, Judge
United States District Court

Date:11/3/2014